■ SIU PING LAU et al., Appellants, v WEON SAN KANG et al., Defendants, and JOHN HON, Respondent. [705 NYS2d 371] —Order, Supreme Court, Bronx County (Kenneth Thompson,

Jr., J.), entered December 29, 1997, which denied defendant Hon's motion for summary judgment dismissing the complaint as against him and denied plaintiffs' cross motion for summary judgment against defendant Hon on the issue of his liability in this action for breach of covenant, fraud and misrepresentation, unanimously affirmed, without costs.

Defendant Dr. Hon owned a shopping center in which he rented space for the operation of a fish store, for which the lease contained a provision that no other store would be allowed to sell food, including the items sold by the fish store, except for an existing supermarket. That lease was assigned to Weon San Kang and Jeong Suk Kang, who continued to operate a fish store. In early 1989, Ming Wah Lam negotiated with Dr. Hon to open a take-out Chinese restaurant, and, at Dr. Hon's request, Lam obtained the consent of the Kangs upon an agreement that the restaurant would not sell certain items of food such as fried fish, french fries and certain hot drinks. After the restaurant lease was executed, and the restaurant was under construction, but not yet opened, the Kangs requested and obtained Hon's consent to assignment of their lease of the fish store to plaintiffs Siu Ping Lau and Chiu Ha Yu Tsang. Shortly after purchasing the fish store, plaintiffs complained to Hon of food sales by the take-out restaurant in violation of its lease. Plaintiffs claim that the ensuing closure of their store after nine months was caused by restaurant food sales in violation of Dr. Hon's lease with plaintiffs prohibiting sales by competing food vendors other than the supermarket and that Dr. Hon had represented that the lease for the fish store was in full force and effect when they purchased it, although he knew that the restaurant was selling competing foods. The IAS Court properly denied the motions for summary judgment since Hon submitted proof in admissible form that could establish that plaintiffs were informed that the take-out restaurant would be operating in the shopping center and had only limited restrictions on its food sales. Concur—Williams, J. P., Wallach, Saxe and Buckley, JJ.